**In re Nathan D. HARRIS, Jr., Debtor.**

**Bankruptcy No. 683–00906–C.**

United States Bankruptcy Court,
W.D. Virginia,
Charlottesville Division.

May 3, 1985.

W. Stephen Scott, for debtor.

Emily Y. Wilson, Charlottesville, Va., trustee.

Diane M. Kozub, for I.R.S.

Jennie L. Montgomery, U.S. Atty., Alexandria, Va., for debtor.

Nathan D. Harris, Jr., pro se.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

The matter before the Court is the objection of the debtor to the claim filed by the United States Internal Revenue Service ("IRS") in this case.

The Court finds that this is a core proceeding and properly before it. 28 U.S.C. § 157(b)(2)(B).

### FACTS

All of the facts relevant to this proceeding are either undisputed and contained in the Stipulation of Facts jointly filed by the parties or were proven by unrebutted evidence at the hearing held in this matter.

The debtor received an undergraduate degree in Business Administration from the University of Virginia in the early 1970's. As part of his curriculum he took twelve credit hours of accounting classes. 2/25/85 hrg. trans. p. 41. Thereafter, in 1972, he was employed as a bookkeeper by Central Virginia Opportunities and Industrial Center ("CVOIC") where his duties included "payroll, payment of taxes, paying of the general bills, and a general telling [sic] of the ledgers, debits and credits, what have you." *Id.* at p. 42.

On March 21, 1976, after first having prepared the same, the debtor signed his 1975 individual federal income tax return (Form 1040). Stip. para. 6. On or about that date he also signed the name of his wife, Kathy J. Harris, to that return, without her authorization, using a different color of ink from that used for his own signature. *Id.* Exhibit A to Stip. Hrg. Trans. pp. 53–54, 60.

On his 1975 individual federal income tax return the debtor reported $18,443.34 of gross income in 1975 for himself and his wife. Stip. para. 2. Exhibit A to Stip. This gross income figure did not include the amount of $4,875.00 which the debtor had unlawfully obtained from his employer, CVOIC, in 1975. Stip. para. 3. The debtor's illegal taking of funds from CVOIC between 1974 and 1976 was the basis of his plea of guilty to the crime of grand larceny on May 5, 1977, resulting in his incarceration from December, 1976 until January, 1977. Exh. 3, 2/25/85 hrg.

On line 6b of his 1975 individual federal income tax return the debtor claimed an exemption for one dependent child living with him named "Michael". Stip. para. 4. Neither the debtor nor his wife had any children or dependents in 1975. "Michael" was a fictitious person and the debtor's claimed exemption for "Michael" was false. *Id.* The debtor does not dispute this finding.

On line 44 of his 1975 individual federal income tax return the debtor marked the box indicating that he had itemized his deductions. Exhibit A to Stip. The debtor attached a completed Schedule A to his Form 1040 listing various itemized deductions which totaled $7,170.00. *Id.* The figure $7,170.00 was entered on line 44 of the debtor's Form 1040. *Id.*

Line 40 of the debtor's Schedule A lists total miscellaneous deductions of $4,800.00. *Id.* The only miscellaneous deductions claimed by the debtor on Schedule A were expenses for child and dependent care services for which he completed and attached the required Form 2441. *Id.* On his completed Form 2441 the debtor claims expenses of $400.00 per month for each month of 1975, a total of $4,800.00, as an

allowable deduction for the care of a dependent under the age of 15. *Id.* For some unexplained reason, despite the specific instructions printed on line 16 of Form 2441, the debtor erroneously entered the figure $2,400.00 on line 32 (and on line 34) of Schedule A, although the figure entered on line 40 of that form was $4,800.00. *Id.* As has been previously stated, neither the debtor nor his wife had any children or dependents in 1975. Stip. para. 4. Therefore, the Schedule A filed by the debtor with his 1975 Form 1040, insofar as it claims any deduction for child and dependent care expenses, and the accompanying Form 2441 were false. The debtor concedes this finding.

The debtor's 1975 individual federal income tax return was audited by the IRS. On April 25, 1978, the IRS completed a Report of Individual Income Tax Examination Changes (Form 1902–A) with regard to its audit findings. Stip. Exh. B. In its Form 1902–A report the IRS, having learned that the debtor's wife did not sign the Form 1040 filed by the debtor, recalculated the debtor's 1975 federal income taxes on the basis of a "married, filing separately" filing status and allowed his wife to file a separate return for that year. *Id.* In its recalculation the IRS included in the debtor's gross income the funds taken by him from CVOIC during 1975, excluded from his gross income that income which was attributable to his wife, and disallowed the falsely claimed exemption and child care expenses deduction. *Id.* On line O of the Form 1902–A report the IRS assessed a 50% penalty against the debtor pursuant to Section 6653(b) of the Internal Revenue Code. *Id.* 26 U.S.C. § 6653(b). On May 16, 1978 the debtor signed this Form 1902–A, thereby consenting to immediate assessment and collection of the recalculated balance due the IRS. Stip. Exh. B. The claim filed in this case by the IRS to which the debtor now objects is for the amount of the debtor's 1975 tax liability as recalculated and consented to by him on the aforementioned Form 1902–A, plus interest.

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in this Court on June 28, 1982. Case No. 682–00532–C. By order of the Court dated August 23, 1982, the debtor was discharged of all his dischargeable debts in that case.

In late 1983 the Commonwealth of Virginia attempted to garnish the debtor's wages for a 1976 tax liability which it felt had not been discharged in the debtor's previous Chapter 7 bankruptcy. The debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code on November 25, 1983, commencing this case. The purpose of the debtor in filing this Chapter 13 case was apparently to contest the contention of the Commonwealth of Virginia that his 1976 Virginia income tax return was fraudulently filed. The Commonwealth of Virginia filed a proof of claim in this case as did the IRS.

By Memorandum Opinion dated May 29, 1984 this Court found that the debtor had not known that the income which he failed to report on his 1976 Virginia income tax return was reportable. Consequently, the Court found that the tax return filed by the debtor was not fraudulently filed and did not evidence a willful attempt by the debtor to evade or defeat the tax within the meaning of 11 U.S.C. § 523(a)(1)(C). Adv. Proc. 683–0245. The Court concluded that the debtor's 1976 tax liability to the Commonwealth of Virginia had been discharged in his 1982 Chapter 7 bankruptcy and the claim of the Commonwealth of Virginia in the present case was disallowed. *Id.*

The debtor was the only witness to testify at the hearing held in the matter presently before the Court. The debtor testified that he did not have any knowledge that the funds which he illegally obtained from his employer in 1975 were reportable on his 1975 individual income tax return. 2/25/85 hrg. trans. p. 31. He stated that he did not learn of such reporting requirement until several years after he filed that tax return. *Id.* This testimony was unrebutted and the Court, upon observing the demeanor of the debtor during such testimony, found him to be a credible witness.

The Court notes also that it has previously found as a matter of fact in another proceeding in this case that the debtor had no knowledge at the time he filed his 1976 Virginia income tax return, one year later, that money which he received in that year pursuant to the same illegal activities was reportable on his 1976 Virginia income tax returns. Adv.Proc. 683–0245. Therefore, the Court finds as a matter of fact that the debtor's failure to report those funds which he embezzled from his employer in 1975 as gross income on his 1975 individual federal income tax return was not a knowing omission. As regards that failure to report income, the debtor did not intend to defraud or to willfully evade or defeat the tax within the meaning of 11 U.S.C. § 523(a)(1)(C) and the Court so holds.

The majority of the debtor's testimony at the hearing held in this matter pertained to his extensive drug use and abuse during the time surrounding March 21, 1976 when he completed, executed and filed his 1975 Form 1040. The debtor's uncontradicted testimony was that he had absolutely no recollection of completing, signing or filing his 1975 Form 1040 income tax return. The debtor further testified that this lack of memory was almost certainly due to his having been "high" on heroin during the preparation and filing of that return. This too was uncontradicted and believable testimony. Based on the foregoing, for the purposes of this determination, the Court finds as a matter of fact that the debtor was "high" on heroin at the time he prepared, signed, and filed his 1975 individual federal income tax return to such an extent that he has no memory of having done so.

## CONCLUSIONS OF LAW

The basis of the objection of the debtor to the claim of the IRS is the debtor's contention that the obligation underlying that claim was discharged in the debtor's prior Chapter 7 bankruptcy. It is the position of the IRS that the debtor's 1975 tax obligation, on which its claim is based, was excepted from the debtor's prior Chapter 7 bankruptcy discharge by authority of 11 U.S.C. §§ 523(a)(1)(C) and 523(a)(7). The keystone of Court's decision in this matter, therefore, is whether or not the taxes and penalties assessed against the debtor by the IRS for the 1975 tax year are based on the debtor's having filed a fraudulent return. 11 U.S.C. §§ 523(a)(1)(C) and 523(a)(7). 26 U.S.C. § 6653(b).

The Court has found as a matter of fact that the debtor did not possess any fraudulent intent with respect to his failure to report as income on his 1975 individual federal income tax return the $4,875.00 which he embezzled from his employer that year. Supra at 226. Therefore, such portion of the claim of the IRS as is based on taxes owed by the debtor due to that omission shall be disallowed, that debt having been discharged in the debtor's previous Chapter 7 bankruptcy. 11 U.S.C. § 523(a)(1)(C). In addition, the Court shall disallow that portion of the claim of the IRS which is attributable to the 50% penalty assessed against the debtor pursuant to 26 U.S.C. § 6653(b) to the extent that such penalty was assessed due to the debtor's non-fraudulent failure to report embezzled funds on his 1975 individual federal income tax return. 11 U.S.C. § 523(a)(7)(A). 26 U.S.C. § 6653(b).

The remaining portion of the claim of the IRS shall likewise be disallowed unless it is proven by clear and convincing evidence that the conduct of the debtor in claiming a false exemption and false child care deductions on his 1975 individual federal income tax return amounted to fraud or a willful attempt in any manner to evade or defeat taxation. 11 U.S.C. §§ 523(a)(1)(C) and 523(a)(7). The showing of fraud required for imposition of a penalty under 26 U.S.C. § 6653(b) is the same as that required by 11 U.S.C. § 523(a)(1)(C). The IRS must prove that the debtor's actions in claiming the false exemption and deductions were deliberate, not accidental, and were done with fraudulent intent. *Moore v. United States*, 360 F.2d 353, 355 (4th Cir.1966), cert. denied, 385 U.S. 1001, 87 S.Ct. 704, 17 L.Ed.2d 541 (1967). *Stoltz-*

*fus v. United States*, 398 F.2d 1002, 1004 (3rd Cir.1968).

It is the opinion of the Court that the IRS has, by clear and convincing evidence, established a *prima facie* case that the fictitious exemption and child care expense deductions claimed by the debtor on his 1975 individual federal income tax return were motivated by an intent by the debtor to defraud and to willfully avoid taxation. The Court notes that in order to make these false claims on his Form 1040 the debtor had to carry out the affirmative acts of completing his Schedule A and accompanying Form 2441. This required much more effort and filling-in of figures than could conceivably be attributed to accident or mistake. The Court cannot envision any purpose for making these false claims other than to evade the payment of taxes.

The burden is on the debtor to rebutt the *prima facie* case of the IRS. This the debtor has attempted to do by offering testimony that he had no memory of the preparation and filing of his 1975 individual federal income tax return and that, due to a pattern of drug use, he was almost certainly "high" on heroin at that time. The Court has accepted this as true for the purpose of this determination. Supra at 226. The debtor's evidence, however, stopped here. The Court does not feel that the debtor's lack of any recollection of preparing and filing his false 1975 Form 1040 serves to counter the case of the IRS. The question then becomes whether or not the fact that the debtor was "high" on heroin at the time he prepared the tax return in question necessarily precludes his being able to form the necessary fraudulent intent and to possess the same. It is the opinion of the Court that it does not.

An examination of the Schedule A and Form 2441 which the debtor filed with his 1975 Form 1040 reveals that the task of completing those forms as the debtor did required a level of mental lucidity sufficient to also have formed a specific fraudulent intent. Further, the very act of making these false claims with the aforementioned supporting schedule and expense form is proof that the debtor actually had such fraudulent intent at the time of the preparation since no other explanation for such conduct has been offered or is conceivable. Therefore, that portion of the claim of the IRS which is based on taxes owing for the 1975 tax year due to the debtor's falsely claimed exemption for one "Michael" and deduction for fictitious child care expenses which were made on his 1975 individual federal income tax return shall be allowed. In addition, the claim of the IRS to the penalty assessed against the debtor pursuant to 26 U.S.C. § 6653(b) shall be allowed to the extent that such penalty is attributable to the debtor's underpayment of taxes in 1975 by reason of the false and fraudulently claimed exemption and deductions.

## CONCLUSION

The appropriate order shall be entered requiring the IRS to calculate that amount of tax, penalty, and interest thereon due and owing from the debtor for the 1975 tax year which has not been discharged by the debtor's prior Chapter 7 bankruptcy discharge. That calculation shall be in accordance with the rulings of the Court contained in this Memorandum Opinion.

In its calculation of the non-discharged portion of debtor's 1975 federal income tax the IRS shall recalculate the debtor's 1975 income tax not including in the debtor's gross income the $4,875.00 which he failed to report on his 1975 Form 1040. The falsely claimed exemption for "Michael" and the deductions for falsely claimed child care expenses shall be disallowed in the recalculation. Based on these adjustments, the debtor's 1975 tax shall then be calculated and the 50% penalty of 26 U.S.C. § 6653(b) shall be imposed on any resulting underpayment. The figure reached from this recalculation shall be the allowed amount of the claim of the IRS.