In re Nathan D. HARRIS, Jr., Debtor.

Bankruptcy No. 683–00906–C.

United States Bankruptcy Court,
W.D. Virginia,
Charlottesville Division.

Feb. 6, 1986.

W. Stephen Scott, Paxson, Smith, Gilliam & Scott, Charlottesville, Va., for debtor.

Helen P. Parrish, Charlottesville, Va., Trustee.

Edward J. Snyder, John S. Miles, Martin Teel, Tax Div., U.S. Dept. of Justice, Washington, D.C., John P. Alderman, U.S. Atty., Roanoke, Va., for U.S.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This matter is before the court on the motion of the Internal Revenue Service ("IRS") for reconsideration of an opinion and order disallowing part of its proof of claim on the basis that a portion of the debt on which the proof of claim was based had been discharged in the debtor's previous bankruptcy proceeding.

The court finds this is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

## FACTUAL BACKGROUND

The facts of this case are not in dispute and are reviewed here for purposes of resolution of the IRS motion for reconsideration. The debtor, Nathan D. Harris, Jr. ("debtor"), filed a petition under Chapter 13 of the Bankruptcy Code on November

25, 1983. The IRS subsequently filed a proof of claim for delinquent assessed federal income tax, interest, and a civil fraud penalty for the debtor's 1975 tax year in the amount of $9,540.55. The IRS based this claim on an audit of the debtor's 1975 federal income tax return which revealed that the debtor had understated his 1975 federal tax liability by: (1) failing to report embezzled income; (2) claiming an exemption for a fictitious dependent; and (3) claiming a false deduction for child care expenses. The IRS proof of claim also consisted of a fraud penalty assessed pursuant to 26 U.S.C. § 6653(b) equal to 50 percent of the total of these deficiencies.

The debtor objected to the IRS proof of claim, maintaining that his liability for the tax deficiencies on which the claim was based had been discharged in a prior bankruptcy proceeding that he had instituted under Chapter 7 of the Code in 1982. In response to the debtor's objection, the IRS argued that the debt on which it based its claim constituted a nondischargeable debt under 11 U.S.C. § 523(a)(1)(C) and (a)(7) and that it was therefore entitled to file a proof of claim in the debtor's current Chapter 13 proceeding. The debtor never objected to the amount of the IRS claim.

On February 25, 1985 the court conducted a trial on the debtor's objection to the IRS proof of claim. The only contested issue was whether the debtor possessed the fraudulent intent necessary to support a determination of nondischargeability of debt under 11 U.S.C. § 523(a)(1)(C) and (a)(7). Both parties adduced evidence at the trial concerning whether the debtor possessed fraudulent intent in failing to report the embezzled income, or in claiming the exemption for a fictitious dependent, or in claiming the fictitious child care expenses on his 1975 tax return.

In a May 3, 1985 memorandum opinion, 49 B.R. 223, the court determined that the debtor did commit fraud in the preparation and filing of his 1975 federal income tax return. Although the court found that the debtor's failure to report the embezzled funds was not "fraudulent or willful", the court also specifically found that the debtor did possess fraudulent intent in claiming both the fictitious exemption and related child care expenses.

Based upon these findings, the court determined that the portion of the debt owed to the IRS based on the debtor's failure to report the embezzled funds was discharged pursuant to 11 U.S.C. § 523(a)(1)(C) in the debtor's previous bankruptcy. The court also determined, however, that the portion of the debtor's tax liability for the fraudulently claimed exemption and deduction had not been discharged in the debtor's previous bankruptcy pursuant to 11 U.S.C. § 523(a)(1)(C). Predicated on these conclusions the court disallowed two portions of the IRS proof of claim. First, the court disallowed that portion of the IRS claim based on the debt for taxes arising from the debtor's non-fraudulent failure to report the embezzled funds. The court also disallowed that portion of IRS claim based on the civil fraud penalty attributable to that portion of the tax debt. The court then ordered the IRS to recompute the amount of its proof of claim based on the two disallowed portions of its claim.

On May 28, 1985 the IRS filed a motion for reconsideration of the court's May 3, 1985 memorandum opinion and order. Pursuant to an order entered by the District Court for the Western District of Virginia on October 29, 1985, the IRS was allowed to proceed in this court with its motion for reconsideration.

The IRS asks the court to amend the May 3, 1985 opinion and order to allow its proof of claim in full. The IRS argues first that the court incorrectly applied 11 U.S.C. § 523(a)(1)(C) in disallowing that portion of the claim based on the debtor's non-fraudulent failure to report the embezzled funds on his 1975 tax return where the court had ascertained that the return was fraudulent. Second, the IRS argues that the court incorrectly disallowed that portion of its claim based on the civil fraud penalties, imposed by the IRS pursuant to 26 U.S.C. § 6653(b), attributable to the debtor's non-

fraudulent failure to report the embezzled funds.

## THE APPLICATION OF 11 U.S.C. § 523(a)(1)(C)

 The IRS first argues that the court incorrectly applied 11 U.S.C. § 523(a)(1)(C) in disallowing part of its proof of claim. The IRS contends the court erred when it determined that, although the debtor had fraudulently reported two items on his tax return, the debtor's tax liability for his non-fraudulent failure to report the embezzled funds on the tax return had not been excepted from discharge under § 523(a)(1)(C) in his previous bankruptcy proceeding. A proper application of § 523(a)(1)(C), the IRS argues, requires that where a debtor has made a fraudulent tax return, then any tax debt based on that return is nondischargeable even if the tax debt itself is not directly the result of a fraudulent act of the debtor.

The gravamen of this argument is the proper interpretation of the language of 11 U.S.C. § 523(a)(1)(C). In pertinent part § 523(a)(1)(C) provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) *for a tax* or customs duty—

\* \* \* \* \* \*

(C) *with respect to which the debtor made a fraudulent return* or willfully attempted in any manner to evade or defeat such tax[.]

11 U.S.C. § 523(a)(1)(C) (Emphasis added). As in all cases involving statutory construction, the ordinary meaning of the language of the statute must initially control its interpretation. *American Tobacco Co. v. Patterson*, 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982). On its face § 523(a)(1)(C) provides two alternative grounds upon which a tax debt may be declared nondischargeable: first, where the "debt is for a tax with respect to which the debtor made a fraudulent return," or, second, where the debt is for a tax with respect to which the debtor "willfully attempted in any manner to evade or defeat

such tax." It is under the first of the two grounds that IRS contends that where any part of a tax underpayment on a tax return is due to fraud, the entire underpayment is therefore nondischargeable.

The plain meaning of the statutory text of § 523(a)(1)(C) supports the IRS's position. The implication of the pertinent language of § 523(a)(1)(C) is clear: if a debtor has made a fraudulent tax return, any debt for a tax arising out of that return is nondischargeable. The statutory language does not condition the nondischargeability of a tax debt on a determination that the entire tax debt itself arose out of the debtor's fraud. The only condition precedent to nondischargeability of a tax debt under the pertinent language of § 523(a)(1)(C) is the making of a fraudulent tax return by the debtor. However, the construction of § 523(a)(1)(C) utilized by the court in its original decision does not comport with the statute's plain meaning.

Moreover, the construction of the statute followed by the court in its original decision fails to give effect and independent significance to the phrase following the disjunction "or" in § 523(a)(1)(C). This language, which bars the discharge of "any debt for a tax ... with respect to which the debtor ... willfully attempted in any manner to evade or defeat such tax," plainly contemplates the situation where the debt directly arises out of any "willful" attempt by a debtor to evade payment of the tax. The court's original application of the statutory language at issue in the present case (the language preceding the disjunctive "or"), however, is inconsistent with that part of the statutory text following the disjunctive. As noted, the court in its original decision determined that the debtor's tax liability for his non-fraudulent failure to report the embezzled funds on his tax return was dischargeable, despite a finding by the court that the debtor included two fraudulent items on his tax return. The court's original application of U.S.C. § 523(a)(1)(C) therefore implicitly conditioned the discharge of a tax debt on the determination that the debt arose out of a fraudulent act of the debtor. This con-

struction of the statute does not give effect to that language of § 523(a)(1)(C) following the disjunctive "or", which denies the discharge of any tax debt that the debtor "willfully attempted to evade in any manner." However, in construing a statute a court is obliged to give effect, if possible, to every word Congress used. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed. 931 (1979). The construction of § 523(a)(1)(C) implicitly followed by the court in its original opinion fails to comply with this principle.

Accordingly, proper application of the plain meaning of § 523(a)(1)(C) in the present case requires the court to modify its original opinion and order. As noted above, the court determined in its original opinion that the debtor included two fraudulent items on his 1975 federal tax return: the fictitious exemption and related child care expenses. The debtor's tax return was therefore fraudulent. Thus, under the plain meaning of 11 U.S.C. § 523(a)(1)(C) the debtor's entire tax debt based on that return, including that portion of the tax debt based on the debtor's non-fraudulent failure to report the embezzled funds, was not discharged in his previous bankruptcy proceeding. Consequently, the court should not have disallowed that portion of the IRS proof of claim based on the debtor's non-fraudulent failure to report the embezzled funds on the tax return. Instead, the court should have allowed the entire part of the IRS proof of claim based on the debtor's tax debt arising from his 1975 tax return.

THE TAX PENALTY

In the original opinion and order the court also disallowed a portion of the IRS claim that was based on the fraud penalty imposed by the IRS pursuant to 26 U.S.C. § 6653(b) equal to 50 percent of the debtor's deficiencies on his tax return. Although the court allowed that part of the claim for the fraud penalties that were directly attributable to the deficiencies based on the debtor's fraud, the court determined that the portion of the claim for the fraud penalties attributable to the debt-

or's non-fraudulent deficiency should not be allowed. The IRS asserts that the court erred in disallowing this part of its claim.

The question of whether this portion of the IRS claim should be allowed requires a two-step inquiry. First, the court must determine whether under 26 U.S.C. § 6653(b) the 50 percent fraud penalty was properly assessable against that part of the debtor's tax debt attributable to his non-fraudulent failure to report the embezzled funds on his return. Second, if the penalty was properly assessable, the court must determine whether the debtor's liability for the penalty was discharged in his previous bankruptcy proceeding.

■■■■ Section 6653(b) of the Internal Revenue Code provides that "[i]f any part of any underpayment ... of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." 26 U.S.C. § 6653(b)(1) (1982). In order to assess this fraud penalty on a tax deficiency, the IRS need not show that the entire amount of deficiency is due to fraud but only that some part of it is. *Akland v. Commissioner*, 767 F.2d 618, 621 (9th Cir. 1985); *Conforte v. Commissioner*, 692 F.2d 587, 590–591 (9th Cir.1982). Thus, the fraud penalty of § 6653(b) is computed as 50 percent of the taxpayer's total tax deficiency, even if only part of the tax deficiency is due to fraud. *See Conforte*, 692 F.2d at 590–591.

■■ As noted, the court determined in its original opinion that the debtor reported two fraudulent items on his 1975 tax return: the fictitious exemption and the related child care expenses. Consequently, under 26 U.S.C. § 6653(b) the IRS is entitled to impose the fraud penalty equal to 50 percent of the debtor's total tax deficiency on his 1975 return, including that portion attributable to his non-fraudulent failure to report the embezzled funds. The court in its original opinion therefore incorrectly applied 26 U.S.C. § 6653(b) when it bifurcated the 50 percent tax penalty and disallowed the IRS claim for that portion of the penal-

ty attributable to the debtor's non-fraudulent failure to report the embezzled funds.

Allowance of the IRS claim with respect to this portion of the fraud penalty therefore turns on whether the debtor's indebtedness for such sum was discharged in his previous bankruptcy proceeding. Section 523(a)(7) of the Bankruptcy Code, which governs the dischargeability of debts for tax penalties, requires that tax penalties be accorded the same treatment as the related underlying tax liability. 11 U.S.C. § 523(a)(7)(A); *In re Carlton*, 19 B.R. 73, 74 (D.C.D.N.M.1982). As discussed above, pursuant to § 523(a)(1)(C) the debtor's tax liability for his non-fraudulent failure to report the embezzled funds was not discharged in his previous bankruptcy proceeding. Therefore, under § 523(a)(7) the debtor's indebtedness for the corresponding tax penalty assessed on his total tax deficiency of his 1975 return was similarly not discharged. Thus the court should not have disallowed that part of the IRS claim for the 50 percent fraud penalty attributable to the debtor's non-fraudulent failure to report the embezzled funds on his tax return.

CONCLUSION

Based upon the foregoing, the court finds that the debtor's liability for the tax deficiency owed for his non-fraudulent failure to report embezzled funds and that his liability for the fraud penalty attributable to such deficiency were both not discharged pursuant to 11 U.S.C. § 523(a)(1)(C) and (a)(7) in his previous bankruptcy proceeding. Consequently, the court's original opinion and order incorrectly disallowed that portion of the IRS proof of claim based on these debts.