In re James Willard CARLTON and Helen Vera Carlton, Debtors.

James Willard CARLTON and Helen Vera Carlton, Plaintiffs-Appellees,

v.

INTERNAL REVENUE SERVICE, Defendant-Appellant.

Civ. No. 81–0414 HB.
Bankruptcy No. 80–00294J.
Adv. No. 80–0223.

United States District Court,
D. New Mexico.

Jan. 28, 1982.

Anthony C. Porter, Wycliffe V. Butler, P. A., Albuquerque, N. M., for debtors/plaintiffs/appellees.

R. E. Thompson, U. S. Atty., Wayne G. Chew, Asst. U. S. Atty., Albuquerque, N. M., for IRS, defendant/appellant.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

This matter comes before the Court upon the appeal of the Internal Revenue Service from judgment rendered by the Bankruptcy Court for the District of New Mexico avoiding tax liens which had been filed against the debtors/appellees, James and Helen Carlton. There is no dispute as to the facts; the issues are strictly matters of the statutory interpretation of §§ 523(a)(7) and 724(a) of the Bankruptcy Act of 1978, 11 U.S.C. § 101 *et seq.*

Having carefully reviewed and considered the arguments of the parties, the pertinent authorities and the statute itself, the Court concludes that the position of the IRS is correct and the judgment of the Bankruptcy Court should be reversed.

On May 7, 1979 the Carltons were assessed tax liabilities for the tax years of 1968, 1969, and 1970. In conjunction therewith, fraud penalties were also assessed against the debtors pursuant to 26 U.S.C. § 6653(b). The Carltons made payments on their tax debt until February 2, 1980. On March 17, 1980 federal tax liens were filed in the proper counties in order to secure the unpaid portion of the debt. The Carltons filed a petition for Bankruptcy on March 26, 1980.

The Bankruptcy Court found that the underlying tax liabilities for 1968–70 were nondischargeable and that the liens securing that portion of the debt were non-avoidable and survived the bankruptcy proceed-

ings. The Court reached the opposite conclusion, however, as to the fraud penalties, holding that they were dischargeable and the liens avoidable to the extent they secured payment of the penalties.

*Dischargeability*

■ The IRS first attacks the ruling of the Bankruptcy Court that the tax penalties are dischargeable. Section 523 of the Bankruptcy Code enumerates exceptions to discharge. Subsection (a)(7) thereof reads as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

Although the language is rather circuitous, § 523(a)(7)(A) requires that tax penalties be treated consistent with the treatment of the related underlying tax liability. In other words, "a penalty relating to a tax cannot be nondischargeable unless the tax itself is nondischargeable." 3 Collier on Bankruptcy § 523.17 (15th ed. 1979). This interpretation comports with the legislative history of § 523(a)(7): "Paragraph (7) makes nondischargeable certain liabilities for penalties including tax penalties if the underlying tax with respect to which the penalty was imposed is also nondischargeable (sec. 523(a)(7)." Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. and Admin.News 1978, pp. 5787, 5865.

The parties do not dispute the ruling of the Bankruptcy Court that the underlying tax deficiencies were due to fraud and, therefore, nondischargeable pursuant to § 523(a)(1)(C). It would seem, then, that § 523(a)(7)(A) rendered the tax penalties also nondischargeable. The Bankruptcy Court, however, found that because the penalties were imposed for events occurring during or shortly after 1968, 1969, and 1970 when the fraudulent returns were filed, that § 523(a)(7)(B) was applicable and that the penalties were dischargeable in spite of the fact that they related to nondischargeable taxes.

The IRS contends that if a tax penalty relates to a nondischargeable tax then the penalty is also nondischargeable regardless of whether the tax years in question were more than three years before the filing of the petition. It is the IRS' position that if subsection (A) of § 523(a)(7) is applicable, subsection (B) is not. The statute on its face, however, is ambiguous. It is not clear from a reading of the statute whether subsection (B) is intended to limit subsection (A), or whether the language "transaction or event" refers to something other than the computation of a tax penalty by reference to a tax liability, which is dealt with in subsection (A). If the latter was the construction Congress intended then the IRS' interpretation is correct. It is necessary to resort to the legislative history of the section in order to decipher the legislative intent. *United States v. Tex-Tow, Inc.*, 589 F.2d 1310, 1313 (7th Cir. 1978).

The legislative history on this subsection is meager but what little there is supports the position of the IRS. The Honorable Don Edwards, Chairman, explained 11 U.S.C. § 523(a)(7) in legislative statement as follows:

. . . tax penalties which are basically punitive in nature are to be nondischargeable only if the penalty is computed by reference to a related tax liability which is nondischargeable or, if the amount of the penalty is not computed by reference to a tax liability, the transaction or event giving rise to the penalty occurred during the 3-year period ending on the date of the petition.

124 Cong.Rec. H11089, 11114, (daily ed. Sept. 24, 1978).

Further support of the IRS' interpretation is found in the Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5865 wherein the Committee states that paragraph (7) "reflects the existing position of the Internal Revenue Code [Title 26] (Rev.Rul. 68–574, 1968–2 C.B. 595)." In that Ruling the IRS took the position that "penalties will also be claimed against after-acquired property of the debtor, if the underlying tax liability is not discharged in Bankruptcy, . . . ." No mention is made of a time limitation and a review of the case law reveals that, indeed, no time limitation was placed on nondischargeable tax penalties.

In *U. S. v. Roberts Motor Express, Inc.,* 375 F.Supp. 1165 (N.D.N.Y.1973), decided under the Bankruptcy Code of 1898, 11 U.S.C. § 35, the Court held that tax penalties were not dischargeable in bankruptcy and survived as personal liabilities of the debtor. The Court in *Di Vincenzo v. New York City Income Tax Bureau,* 1 B.R. 528 (Bkrtcy.S.D.N.Y.1979) made the same ruling as to a tax penalty assessed for the 1972 tax year even though the petition in bankruptcy was filed in 1976, more than three years later. See also *Sherwood v. U. S.,* 228 F.Supp. 247 (E.D.N.Y.1964).

Appellees make no attempt to refute the legislative history cited by the IRS, arguing only that the statute is unambiguous and legislative statements cannot, therefore, change the clear meaning of the words as enacted. But the Court finds that the statute is ambiguous and the legislative history dictates that subsections (A) and (B) of § 523(a)(7) be treated as two entirely distinct exceptions to the nondischargeability of tax penalties. The tax penalties in question were assessed in relation to a tax specified in § 523(a)(1) and are, therefore, nondischargeable regardless of the fact that they relate to returns filed more than three years before the filing of the petition in bankruptcy.

*Avoidance*

■ With respect to the IRS' appeal from the Bankruptcy Courts' avoidance of the tax liens, to the extent they secured payment of the penalties, under § 724(a), that section reads: "The trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title." Section 726(a)(4) in turn provides:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim;

Even though it concedes that the tax penalties in question are not compensation for actual pecuniary loss, the IRS contends that § 724(a) is inapplicable because § 726 is addressed only to distribution of property of the estate and does not apply to property not within the estate. The liens at issue secure the proceeds from the debtors' homestead which is exempt property and not property of the estate. The purpose of § 724(a) is to protect unsecured creditors from the debtor's wrongdoing by permitting "the trustee to avoid a lien that secures [a claim of a kind specified in § 726(a)(4)] to the extent that the claim is not compensation for actual pecuniary loss." Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5882. See also *Simonson v. Granquist,* 369 U.S. 38, 41, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962) ("Enforcement of penalties against the estates of bankrupts, however, would serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors."); *Ruhter v. I.R.S.,* 339 F.2d 575 (10th Cir. 1964); *State Bd. of Equalization v. Stodd,* 500 F.2d 1208 (9th Cir. 1974).

Thus, both the language of §§ 724 and 726 and the purpose of the avoidance section support the position of the IRS. No protec-

tion would be afforded unsecured creditors by the avoidance of liens securing property which is not part of the estate from which those creditors are compensated. The Carltons' argument that their homestead and other exempt property are not subject to the tax penalties under § 522(c) is without merit since the penalties are not voidable under § 724(a). Accordingly, the exempt property of the debtors, including their homestead, is subject to the tax liens for the unpaid penalties.

The Court, therefore, finds that the holding of the Bankruptcy Court that the tax penalties are dischargeable and avoidable is erroneous and the judgment rendered October 16, 1981 should be reversed. An Order in accordance with this opinion will be filed herewith.