**In re PROGRAM MANAGEMENT AND DESIGN ASSOCIATES, INC., d/b/a Center for Computer Education and Project Cope, Debtor.**

**Bankruptcy No. 81–00458HL.**

United States Bankruptcy Court, D. Massachusetts.

Nov. 23, 1982.

Joseph F. Ryan, Joseph Ackerstein, Asst. U.S. Atty., D. Mass., Boston, Mass., for debtor.

## MEMORANDUM ON OBJECTION TO CLAIM OF THE UNITED STATES

### HAROLD LAVIEN, Bankruptcy Judge.

This matter comes before the Court on the debtor's objection to the Internal Revenue Service's unsecured claim for pre-petition penalties. The debtor, Program Management and Design Associates, Inc., (Program Management) had its Chapter 11 plan confirmed by this court on April 23, 1982. The Internal Revenue Service filed a proof of claim on March 3, 1982 and an amended proof of claim on October 14, 1982. In the amended proof of claim, the United States claims $22,010.54 as a priority claim and pre-petition penalty of $4,120.83 as a general unsecured claim. The debtor objects to the unsecured claim for pre-petition penalty.

Under § 57(j) of the former Bankruptcy Act, 11 U.S.C. § 93(j) (repealed 1978), the claim of the United States for a penalty was not allowed except if it was compensation for actual pecuniary loss. There is no similar provision in the Bankruptcy Reform Act of 1978. Section 502(b) of the Code specifies which claims should be disallowed by the court. There is no specific provision in § 502(b) disallowing claims for penalties. The debtor argues that this claim falls within the language of § 502(b)(1) which provides the claim will be disallowed if

... such claim is unenforceable against the debtor, and unenforceable against property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;...

The debtor argues that as a matter of public policy, the claim should be disallowed. The debtor's theory is that the allowance of the penalty will require the debtor's other unsecured creditors to receive less of a dividend. While this may be true in some reorganization proceedings, the legislative history and other sections of the Code clearly indicate that Congress did not intend that tax penalties would be discharged in a Chapter 11.

There is no specific provision in Chapter 11 as there was in the former Act, defining the status of penalty claims. When interpreting a statute, the Court does not have to look merely at a particular clause, but should consider the whole statute on the same subject to ascertain the object and policy of the law. *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). The Court can further look to legislative history in order to decipher legislative intent. *United States v. Tex-Tow, Inc.,* 589 F.2d 1310 (7th Cir.1978); *Chesapeake & Ohio Railway Co. v. United States,* 571 F.2d 1190 (D.C.Cir.1977); *In re Carlton,* 19 B.R. 73 (D.C.D.N.M.1982). Guidance on the issues in this case can be found in the provisions of § 726(a)(4), § 724(a) and the legislative history.

Section 726(a) of the Code provides the order of distribution of the assets of a Chapter 7 estate. Under that provision governing distribution of the bankruptcy estate, claims for penalties are subordinated to fourth position after all allowed unsecured claims. 11 U.S.C. § 726(a)(4). Section 724(a) of the Code permits the trustee to avoid liens covering § 726(a)(4) penalties. Of course, § 726(a) and § 724(a) only apply to Chapter 7 cases and not to Chapter 11 reorganizations. *See* 11 U.S.C. § 103(b). Nevertheless, the legislative history is directly on point:

Subsection (2) of section 724 permits the trustee to avoid a lien that secures a fine, penalty, forfeiture, or multiple, punitive, or exemplary damages claim to the extent that the claim is not compensation for actual pecuniary loss. The subsection follows the policy found in section 57j of the Bankruptcy Act of protecting unse-

cured creditors from the debtor's wrong-doing, but expands the protection afforded. *The lien is made voidable rather than void in Chapter 7, in order to permit the lien to be revived if the case is converted to chapter 11, under which penalty liens are not voidable.* To make the lien void would be to permit the filing of a chapter 7, the voiding of the lien, and the conversion to a chapter 11, *simply to avoid a penalty lien, which should be valid in a reorganization case.* (Emphasis added). House Report No. 95–595, 95th Cong., 1st Sess. (1977) 382; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 96, U.S. Code Cong. & Admin.News 1978, p. 5787, 6338.

The legislative history clearly indicates that penalties were not intended to be avoidable in a Chapter 11 reorganization. Therefore, I find that the United States has an unsecured claim for the $4,120.83 in pre-petition penalties.