### In re FALWELL EXCAVATING CO., INC., Debtor.

### No. 682–00329–L.

United States Bankruptcy Court, W.D. Virginia, Lynchburg Division.

March 9, 1984.

J. Gorman Rosenberger, Jr., Lynchburg, for debtor.

Sherwood S. Day, Lynchburg, Trustee.

Mark Gellar, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for IRS.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This case is before the Court upon the Trustee's objection to the Internal Revenue Services' (I.R.S.) unsecured claim for pre-petition penalties and interest. The debtor had its Chapter 11 plan confirmed by the Court on April 25, 1983, and provided for the payment of taxes within eighteen months. The Trustee has filed a memorandum of law in which he argues that the Court should disallow all prepetition penalties and interest, or alternatively, subordinate said penalties and interest to the claims of the general unsecured creditors.

The Court is of the opinion that the recent case of *In re Program Management Design Associates,* 25 B.R. 144, 7 C.B.C.2d 844 (Bkrtcy.Mass., 1982) is dispositive of the issue presented in the case at bar. In that case, the Court stated in pertinent part:

> Under § 57(j) of the former Bankruptcy Act, 11 U.S.C. § 93(j) (repealed 1978), the claim of the United States for a penalty was not allowed except if it was compensation for actual pecuniary loss. There is no similar provision in the Bankruptcy Reform Act of 1978. Section 502(b) of the Code specifies which claims should be disallowed by the court. There is no specific provision in § 502(b) disallowing claims for penalties.

The Court then went on to acknowledge that although there is no specific provision in Chapter 11 defining the status of penalty claims, an examination of the legislative history clearly reveals that penalties were not intended to be avoided in a Chapter 11 reorganization. Accordingly, it is the opinion of the Court that the proof of claim filed by the I.R.S. should be allowed in its entirety.

Copies of the foregoing Memorandum Opinion are directed to be mailed to all parties of record in said matter.