**In re ROBERTS, Rebecca and Anthony, Debtors.**

**Rebecca and Anthony ROBERTS, Plaintiffs,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 88–01681–C.**
**Adv. No. 88–0188–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 13, 1989.

Scott Hamilton, Tulsa, Okl., for plaintiffs.

M. Kent Anderson, Dallas, Tex., for defendant.

## MEMORANDUM DECISION AND ORDER

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on for decision by this court on stipulation and briefs filed herein.

The court finds that the parties have stipulated to the following facts:

The debtors owe a debt in an unspecified amount to the defendant for income taxes, penalties and interest for the tax years 1982 and 1983. The debtors failed to file tax returns for either of those years prior to the filing of their petition in bankruptcy. A case is presently pending before the United States Tax Court regarding these taxes, penalties and interest entitled *Anthony Jerome Roberts v. Commissioner of Internal Revenue*, Docket No. 11002–88, which case has been stayed pursuant to 11 U.S.C. sec. 362 pending resolution of the instant dispute.

The taxes themselves are exempt from discharge pursuant to sec. 523(a)(1)(B)(i) since the debtors failed to file a tax return for either of the subject years. Section 523(a)(1)(B)(i) specifically exempts from discharge an income tax for which a return was not filed. The only issue therefore before the court is whether the assessed penalties, which are predicated on the non-dischargeable tax claims, are themselves exempt from discharge.

The statutory framework which gives rise to this controversy is difficult to understand but does become clear when properly analyzed. The sections of the Code that are material to the present case are as follows:

523(a)(7)

(a) A discharge under section 727, ... does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a ... penalty ... other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

523(a)(1)(A), (B)

(1) for a tax ...

(A) of the kind ... specified in section 507(a)(7)

(B) with respect to which a return, if required—

(i) was not filed; or

507

(a) The following expenses and claims have priority in the following order: ...

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for— ...

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition....[1]

Under this convoluted statutory scheme, penalties in general are nondischargeable (§ 523(a)(7) *supra*.) There are, however, limited exceptions to this general rule and these exceptions are stated in § 523(a)(7)(A), (B). Stated in simple Eng-

---

**1.** § 507(a)(7) refers to many kinds of taxes other than income taxes. Since in the instant case we are dealing with only penalties on income taxes, the other kinds of taxes mentioned in § 507(a)(7) will not be further discussed.

lish subsections (A) and (B) provide for the following taxes to be dischargeable:

Subsection (A)—penalties on taxes which are *not* mentioned in 523(a)(1). By looking at § 523(a)(1) and then § 507(a)(7) we find that the kinds of taxes *not* mentioned in § 523(a)(1) are non-income taxes due and payable more than three years before bankruptcy and for which a return was filed. The penalties in the instant case are for income taxes due and payable more than three years before bankruptcy for which no return was filed. It is clear that subsection (a) has no application to the present case.

Subsection (B)—penalties on taxes that are over three years old at the time the petition for relief was filed.

If the penalties in the instant case come within either of these exceptions they are dischargeable. There is nothing in the code that says that if the penalties do not come within the provisions of subsection (A) they cannot become dischargeable within the provisions of subsection (B). Also there is nothing in the code that says the penalties in order to be dischargeable must come within the provisions of both subsections.

■ This second exception (subsection (B)) to the general nondischargeability rule does clearly apply and does make the penalties in the instant case dischargeable. This subsection states without ambiguity or equivocation that penalties on taxes that are over three years old are dischargeable. Plain and simple.

The IRS argues that this Court should hold that if the taxes are nondischargeable, as they are in the instant case, the penalties predicated thereon are nondischargeable. The IRS cites two cases to support its argument and unquestionably these decisions do just that. *In re Carlton,* 19 B.R. 73 (D.N.M.1982) and *Cassidy v. Commissioner of Internal Revenue Service,* 814 F.2d 477 (7th Cir.1987).

This Court believes that the argument of the IRS and the cases which support it are clearly wrong. The IRS contends that because the penalties in the instant case are not dischargeable pursuant to subsection

(A) they are nondischargeable. This is a non sequitur. Just because penalties are not dischargeable under subsection (A) does not mean they cannot be dischargeable under subsection (B). The two subsections operate independent of each other. The debtors need only prove that the penalties in question come under one of the subsections to prevail. There is nothing in the code to suggest that if the taxes are not dischargeable pursuant to subsection (A) they cannot be dischargeable pursuant to subsection (B).

In the instant case the penalties in question clearly refer to transactions or events that happened more than three years prior to the filing of the petition and are therefore covered by subsection (B) and are dischargeable.

SO ORDERED.