**In re Andrew and Janet FERRARA Debtors.**

**Andrew J. FERRARA, et al., Plaintiffs,**

**v.**

**DEPARTMENT OF TREASURY, IRS, et al., Defendants.**

Bankruptcy No. 88–0203.
Related Case 84–00530.

United States Bankruptcy Court, N.D. Ohio, W.D.

May 30, 1989.

U.S. Dist. Atty., Toledo, Ohio, Dept. of Treasury, District Director of IRS, Cleveland, Ohio, Verne K. Armstrong, Joanne C. Rutkowski, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C. for defendants.

Thomas G. Schlageter, Oregon, Ohio, for debtors.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the United States of America's Motion for Summary Judgment. No Reply Brief or Motion for Summary Judgment has been filed by the Plaintiffs. The Court has reviewed the Motion for Summary Judgment, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Motion for Summary Judgment should be granted.

## FACTS

The facts in this case do not appear to be in dispute. The I.R.S. assessed penalties against JSA Builders for failure to file timely partnership returns. Andrew J. Ferrara is a partner in JSA Builders, and as such is liable for the debts of the partnership under Ohio law. The Debtors' Complaint does not attack the assessment or the amount of the penalty. The sole issue raised in the Complaint is the discharge of the obligation in the Debtors' Chapter 7, which was filed on April 4, 1984. The Ferraras assert that § 523 only excepts tax penalties from discharge when there has been an "actual pecuniary loss". *See, Plaintiffs' Complaint,* paragraph 8.

The I.R.S. argues that the Debtors' July 20, 1984 discharge did not affect the tax penalties imposed for failure to file the partnership tax returns. Citing the language in § 523(a)(7)(B), the I.R.S. asserts that the tax penalties were not dischargeable because they were incurred within three years of the filing of Debtors' Petition. It appears from the pleadings that the issue presented is primarily one of statutory interpretation.

## LAW

Summary Judgment is properly granted when the movant can demonstrate that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056 and Fed.R.Civ.P. 56. However, the movant must be able to demonstrate all the elements of a cause of action in order to prevail. *In re Hartwig Poultry, Inc.,* 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). Motions for Summary Judgment must be construed in the light most favorable to the party opposing the motion. *In re Weitzel,* 72 B.R. 253 (Bankr.N.D.Ohio 1987).

The dischargeability of the tax penalties assessed by the I.R.S. is governed by § 523(a)(7), which states:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

There are very few cases specifically construing the language in § 523(a)(7)(B). The Court notes that § 523(a)(7) has been criticized in past decisions as being poorly drafted and ambiguous. *See, In re Kohr,* 82 B.R. 706, 710 (Bankr.M.D.Pa.1988); *In re Daugherty,* 25 B.R. 158, 161 (Bankr.E.D.Tenn.1982); *In re Carlton,* 19 B.R. 73, 74 (Bankr.D.N.M.1982). This lack of clarity has given rise to other disagreements as to the meaning of § 523(a)(7)'s provisions. *Compare, In re Johnson–Allen,* 69 B.R. 461, 467 n. 4 (Bankr.E.D.Pa.1987) (§ 523(a)(7)(B) applies to criminal penalties) *with In re Kohr,* 82 B.R. at 710 (§ 523(a)(7)(B) applies only to tax penalties). There are also conflicting case law interpretations involving the specific issue before the Court. *Compare, In re Roberts,* 94 B.R. 707, 709 (Bankr.N.D.Okla. 1989) *with In re Carlton,* 19 B.R. 73, 74–75 (D.N.M.1982); *Cassidy v. C.I.R.,* 814 F.2d 477, 480–481 (7th Cir.1987).

The Debtors in this case received a Chapter 7 discharge. The effect of that discharge is set forth in § 727(b), which states in pertinent part: "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter ..." Under § 523(a)(7), "a fine, penalty, or forfeiture payable to or for the benefit of a governmental unit" is not dischargeable. The general exception from discharge for penalties is modified by certain exclusions listed in § 523(a)(7).

A parsing of § 523(a)(7) supports the holding of *Kohr* and *Daugherty,* that subsection (A) and (B) apply only to tax penalties. Also supporting the separateness of the tax penalty exception is the statement in *Collier on Bankruptcy:* "Paragraph (A) and (B) of section 523(a)(7) set forth the two exceptions to the dischargeability of

tax penalties." 3 *Collier on Bankruptcy* 523.17 at 523–133 (15th ed. 1988). Thus, in interpreting subsections (A) and (B), the Court will examine the two provisions in light of the Bankruptcy Code's other tax provisions.

The Plaintiffs' Complaint appears to be based, at least in part, on a belief that if the penalties come within either of the tax penalty exceptions, the penalties are dischargeable. One recent case lends some support to the Debtors' position. A similar issue was decided in the debtors' favor in *In re Roberts,* 94 B.R. 707 (Bankr.N.D. Okla.1989). In the *Roberts* case, the debtors had not filed income tax returns for 1982 and 1983. As a result, they owed an unspecified amount of income taxes, penalties and interest. Because the debtor had not filed tax returns for those two years, the underlying taxes were not dischargeable pursuant to § 523(a)(1)(B)(i). However, the *Roberts* court held that the tax penalties associated with the nondischargeable tax claims were dischargeable under § 523(a)(7)(B). It appears that the decision in *Roberts* was based on the "plain meaning" of § 523(a)(7), without resorting to legislative history. *See, In re Roberts,* 94 B.R. at 709.

The *Roberts* decision acknowledged that its ruling was contrary to existing case law. Two prior cases support a different result under the facts in *Roberts.* The issues addressed in *In re Carlton,* 19 B.R. 73 (D.N.M.1982) were very similar to those considered in *Roberts.* Tax penalties were owed where the underlying taxes were nondischargeable. The bankruptcy court held that the fraud penalties were discharged because they were more than three years old. On appeal, Chief Judge Bratton reversed. The language of § 523(a)(7) was "rather circuitous" and "ambiguous". Thus, it was appropriate to consider the legislative history to the tax penalty exception. *In re Carlton,* 19 B.R. at 74–75. Based on the legislative history, the court held that the tax penalties were nondischargeable.

The Seventh Circuit Court of Appeals considered the same issue in *Cassidy v.*

*C.I.R.*, 814 F.2d 477, 480–481 (7th Cir.1987). While not citing the *Carlton* decision, *Cassidy* reached the same conclusion. Looking to legislative history, the court held that if the underlying tax with respect to which the penalty was imposed was nondischargeable, the fraud penalty was nondischargeable. *Cassidy*, at 481.

In both the *Carlton* and *Cassidy* decisions, the courts looked to legislative history in construing § 523(a)(7). The United States Supreme Court, in examining the first portion of § 523(a)(7), stated: "This language is subject to interpretation." *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S.Ct. 353, 361, 93 L.Ed.2d 216, 229 (1986). As previously noted, other courts have commented on the ambiguous language and structure of § 523(a)(7). Consequently, in construing the tax penalty exception, an examination of this provision's legislative history would appear to be warranted.

■ The issue in the case at bar is somewhat different from the cases cited above. Pursuant to § 6031 of the Internal Revenue Code, every partnership is required to file an informational return, Form 1065. A penalty is assessed under § 6698 for each month (up to five months) that the informational return is delinquent. Andrew J. Ferrara failed to file Form 1065's in the three years prior to the Debtors filing their Chapter 7 Petition. Accordingly, in the present case, the Debtors seek to discharge a penalty for which there is no underlying tax obligation. Under § 523(a)(7)(A), tax penalties are discharged if they *relate to a tax* which is not nondischargeable under § 523(a)(1). The penalty here does not relate to a tax. Thus, the Debtors' tax penalties are not excepted from the general exception of the discharge of "penalties" found in § 523(a)(7).

This interpretation is supported by the Committee Report to § 523, which states:

The House amendment also adopts the Senate amendment provision limiting the nondischargeability of punitive tax penalties, that is, penalties other than those which represent collection of a principal amount of tax liability through the form of a 'penalty'. Under the House amendment, tax penalties which are basically punitive in nature are to be nondischargeable only if the penalty is computed by reference to a related tax liability which is nondischargeable or, if the amount of the penalty is not computed by reference to a tax liability, the transaction or event giving rise to the penalty occurred during the three year period ending on the date of the petition.

124 CONG.REC. H. 11, 113–14 (Sept. 28, 1978); S 17,430–1 (Oct. 6, 1978).

An examination of the language in § 523(a)(1) also lends credence to the construction advocated in the Committee Report. Section 523(a)(7)(A) allows the discharge of tax penalties which relate to a tax of a kind *not* specified in § 523(a)(1). Under § 523(a)(1)(A), taxes which have priority under § 507(a)(7) are not discharged. Pursuant to § 507(a)(7)(A)(i), income taxes for which a return is last due with three years of filing of the bankruptcy proceeding are entitled to priority, and are therefore not dischargeable. Accordingly, the "plain meaning" construction given the statute by *In re Roberts* results in a sort of redundancy because the three year rule is already applicable under § 523(a)(7)(A). It appears instead that § 523(a)(7)(B) was intended to apply to penalties which are not computed by reference to a tax liability, while § 523(a)(7)(A) is for penalties relating to a tax. Tax penalties do not get two bites at the dischargeability apple, just one for each category of penalty.

Based on the foregoing analysis, the Court finds that the Debtors' tax penalties are not excluded from the exception to discharge under either subsection (A) or (B).

The Court must also reject another argument which appears to have been advanced by the Debtors in their Complaint. The Complaint states that tax obligations are only nondischargeable when there has been an "actual pecuniary loss". In § 523(a)(7), the "actual pecuniary loss" exception is modified by the clause which immediately precedes it: "and is not compensation" for an actual pecuniary loss. *See*, § 523(a)(7). There is no requirement that an actual

874

pecuniary loss must have occurred. On the contrary, many criminal penalties are not directly tied to any actual pecuniary loss, and yet they are excepted from discharged under § 523(a)(7). *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

 The "compensation for actual pecuniary loss" provision is also present in § 507(a)(7)(G), made applicable because of § 523(a)(7)(A)'s reference to § 523(a)(1), which in turn cites § 507(a)(7). Under these interlocking provisions, a tax penalty in compensation for actual pecuniary loss would be nondischargeable if it were related to any of the taxes listed under § 507(a)(7). Again, the word "compensation" modifies the term "actual pecuniary loss", and does not support a requirement that an actual pecuniary loss is a prerequisite to nondischargeability.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, the tax penalties in question having been imposed within three years of the filing of Debtors' Petition, it is

ORDERED that the United States of America's Motion for Summary Judgment be, and is hereby, Granted.

It is FURTHER ORDERED that Plaintiff–Debtors' Complaint be, and is hereby, Dismissed.