In re William and Mattie OLDFIELD.

William and Mattie OLDFIELD, Plaintiffs,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 89–41501 S.
Adv. No. 90–4032.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 22, 1990.

Mark Colbert, Davidson Law Firm, Ltd., Little Rock, Ark., for debtors.

Kimberly Forseth, Office of Special Litigation, Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Richard L. Smith, Little Rock, Ark., Trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is an adversary proceeding, wherein the debtors/Plaintiffs, William and Mattie Oldfield ("Oldfields"), have requested that this Court declare their income tax debts for 1980, 1981 and 1983 to be discharged in their Chapter 7 case. The Defendant, Internal Revenue Service ("IRS"), contends that the Plaintiffs' tax debts for the 1980, 1981 and 1983 tax years are non-dischargeable.

The matter came before this Court for hearing on September 20, 1990. The debtors/Plaintiffs appeared in person and by counsel, Mark A. Colbert, Esq. The Defendant, IRS, appeared by counsel, Kimberly Forseth, Esq.

This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. § 1334(a) and § 157(a). Moreover, the Court finds that this is a "core proceeding" within the meaning of Title 28 U.S.C. § 157(b)(1), as exemplified in § 157(b)(2)(I). Accordingly, this Court may enter a final order and judgment in this matter. 28 U.S.C. § 157(b)(1).

## I. BACKGROUND

On August 2, 1989 the debtors filed for relief under Chapter 7 of the United States Bankruptcy Code. 11 U.S.C. § 701 *et seq.* After the first meeting of creditors, and examination of the debtors, the bankruptcy Trustee entered his Report of No Assets on October 10, 1989. No objections to discharge were filed in the debtors' Chapter 7 proceeding, and debtors were granted their discharge on November 28, 1989. The Chapter 7 case was closed on February 26, 1990.

The debtors, nevertheless, filed the present adversary proceeding on March 1, 1990, seeking a declaratory judgment that their federal tax debts for 1980, 1981 and 1983 were discharged in their Chapter 7 proceeding. The IRS contends that the debtors were deficient in their tax payments for these tax years, that these deficiencies were not finally assessed until June 26, 1989, and that therefore these tax debts are non-dischargeable in the debtors' bankruptcy case.

## II. FACTS

The debtors timely filed tax returns for the tax years 1980, 1981 and 1983. Subsequently, the debtors became involved in the

Dankryst Video tax shelter. Their partic- ipation in Dankryst Video generated invest- ment credit carrybacks for the Oldfields, which in 1984 they applied to their income tax liabilities for tax years 1980, 1981 and 1983 and requested refunds. As a result, the Oldfields' tax liabilities for these years were greatly reduced. Accordingly, they received refunds from the IRS for the amount of overpayment they had made pri- or to applying their investment credit carrybacks. In July, 1986, the IRS audited the debtors for the tax years 1980, 1981 and 1983. At that time, however, the IRS elected not to pursue collection of any addi- tional tax owed by the debtors until the outcome of other litigation. The Oldfields were not personally involved in this litiga- tion, but it did concern the Dankryst Video tax shelter. Resolution of this lawsuit and a determination of the validity of the tax shelter would affect their pending audits.

The Dankryst Video tax shelter was sub- sequently determined not to be a legitimate tax shelter. Thus, the reductions in the debtors' past income tax liability due to their participation in Dankryst Video was rendered invalid. As a result, the debtors petitioned the United States Tax Court in order to have their tax deficiencies and additional tax liability determined. In the tax court, the Oldfields agreed to deficien- cies in and additions to their income taxes in the following amounts:

| Taxable Year | Income Tax | Additions to the Taxes Internal Revenue Code Sections[1] | |
| --- | --- | --- | --- |
| | | 6653(a)(1) | 6659 |
| 1980 | $ 8,753.00 | $438.00 | $2,626.00 |
| 1981 | 10,484.00 | 524.00 | 3,145.00 |
| 1983 | 7,473.00 | 373.65 | 2,241.90 |

*See Oldfield v. Commissioner,* U.S. Tax Court Docket No. 20324–86 (decision) (March 16, 1989).

### III. DISCUSSION

This case necessitates interpretation of the interaction of several provisions of the United States Bankruptcy Code ("Code"). 11 U.S.C. §§ 101 *et seq.* Subsection (a) of Code section 727 provides for the general right of discharge for an individual, while subsection (b) limits this right to those debts "that arose before the date of the order for relief" and to those exceptions provided in Code section 523. 11 U.S.C. § 727. One of the exceptions to discharge stated in section 523 is for a tax of a "kind and for the periods specified in section [. . .] 507(a)(7) of this title," whether or not a corresponding claim for such a tax was filed or allowed. 11 U.S.C. § 523(a)(1)(A).

In relevant part, section 507(a) provides that certain expenses and claims have pri- ority in the following order:

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the fil- ing of the petition;

(ii) **assessed within 240 days,** plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pend- ing, **before the date of the filing of the petition** [. . .]

---

**1.** Internal Revenue Code ("IRC") section 6653(a)(1) provides for additions to tax for any part of any underpayment which is due to negli- gence or a disregard for tax rules or regulations, including additions to interest charged on any tax determined to be past due. 26 U.S.C. § 6653(a)(1). Similarly, IRC section 6659 pro- vides for additions to tax for any underpayment attributable to a valuation overstatement. 26 U.S.C. § 6659.

11 U.S.C. § 507(a)(7) (emphasis added). Thus, if the IRS "assessed" the tax it claims the debtors owe more than 240 days before they filed their Chapter 7 petition, the tax debt is discharged. If, however, the IRS "assessed" the tax less than 240 days before the filing of debtors' petition, the debt is not discharged.

Debtors contend that their tax liabilities for 1980, 1981 and 1983 were assessed in 1981, 1982 and 1984 respectively, when they filed their tax returns for these years; or alternatively on July 21, 1986, when the IRS audited the Plaintiffs' returns due to their participation in the Dankryst Video tax shelter. Thus, Plaintiffs contend that the tax liability, interest and penalties for these three tax years are discharged because assessment on either of these dates would be more than 240 days prior to the date of the filing of debtors' Chapter 7 petition on August 2, 1989.

The IRS contends that after the Oldfields' tax liability for 1980, 1981 and 1983 was finally determined in the tax court proceeding, it "assessed" that amount of tax against them on June 26, 1989, slightly more than a month before the debtors filed their Chapter 7 petition.

"Assess" prominently appears at sections 507(a)(7)(A)(ii), and (iii) and section 362(a)(6) of the Bankruptcy Code. Generally, if the same word is used in different sections of a body of law, the word is given the same meaning in each section. *Barnson v. United States*, 816 F.2d 549, 554 (10th Cir.), *cert. denied* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987). In section 507(a)(7)(A)(iii), the determination of whether a tax is "assessable" is contemplated to involve applicable tax law. *See In re Torrente*, 75 B.R. 193, 195 (Bankr.S.D.Fla. 1987). A contrary finding with respect to the construction of "assessed" in section 507(a)(7)(A)(ii) would require the court to ignore applicable tax law. This would necessitate an untenable construction of the Code.[2] *In re Hartman*, 110 B.R. 951, 955 (D.Kan.1990).

■ Many courts have concluded that the assessment date under the Internal Revenue Code is the same assessment date under Bankruptcy Code section 507(a)(7)(A)(ii). *See In re Richcreek*, No. 87–916–C (D.Ind.1988) (1988 WL 81527); *Matter of Youngcourt*, 86 B.R. 715, 717 (Bankr.M.D.Fla.1988); *In re Carter*, 74 B.R. 613, 617 (Bankr.E.D.Pa.1987); *Matter of Kostoglou*, 74 B.R. 202, 203 (Bankr.N.D. Ohio 1987). An "assessment" of taxes has been described as a "formal, discrete act with specific legal consequences." *In re Heritage Village Church & Missionary Fellowship*, 87 B.R. 401, 403 (D.S.C.), *aff'd* 851 F.2d 104 (4th Cir.1988). The Treasury Regulations provide that "the assessment shall be made by an assessment officer signing the summary record of assessment," and that "the date of the assessment is the date the summary record is signed by an assessment officer." 26 C.F.R. § 301.6203–1 (1990). Thus, an assessment is made by the IRS only after the taxpayer is sent a notice of deficiency, which commences the administrative proceedings to collect a tax deficiency. *In re Heritage Village Church*, 87 B.R. 401, 403 (D.S.C.1988).

■ In the present case, the IRS audited the Oldfields' 1980, 1981, and 1983 returns, upon which they had requested and received refunds, in July, 1986. However, the IRS postponed determination of the amount of the Oldfields' deficiency because of pending litigation to determine the legality of the Dankryst Video tax shelter. After Dankryst Video was found not to be a valid tax shelter, the Oldfields petitioned the United States Tax Court to determine their additional tax liability. The tax court entered judgment for the IRS in the Oldfield matter on March 16, 1989 and determined the total amount of the debtors' tax deficiency. *Oldfield v. Commissioner*, U.S. Tax Court Docket No. 20324–86 (decision) (March 16, 1989). Subsequently, on

---

**2.** Congress' decision not to specifically refer to the Internal Revenue Code in section 507(a)(7)(A) or a relevant definitional section, may be due to the fact that the section needs to be adapted to a variety of federal, state and local tax statutes involving income or gross receipts. *In re Hartman*, 110 B.R. 951, 955 (D.Kan.1990).

June 26, 1989, the IRS entered onto the Oldfields' master file for tax years 1980, 1981 and 1983 the additional taxes due as adjudged by the tax court on March 16, 1989. Once the IRS recorded the Oldfields' deficiency on their master tax file, and sent notice of the deficiency to the Oldfields, the IRS "assessed" the deficient taxes, the penalty taxes and the interest on the back taxes owed by the debtors.

As a result, the taxes, penalties and interests for the relevant years were assessed on June 26, 1989, and, therefore within 240 days prior to the debtors' filing of their bankruptcy petition. Consequently, debtors' tax debt to the IRS is not dischargeable in bankruptcy. Accordingly, this tax debt was not discharged in debtors' Chapter 7 discharge of November 28, 1989.

Notwithstanding the non-dischargeability of the tax deficiency, at least one bankruptcy court has held that the interest and penalties are dischargeable under section 523(a)(7)(B). *See In re Roberts,* 94 B.R. 707, 709 (Bankr.N.D.Okla.1989). However, the great majority of courts considering this question have concluded that the tax penalties and interest are also non-dischargeable if the tax itself is non-dischargeable. *See Cassidy v. C.I.R.,* 814 F.2d 477, 480–81 (7th Cir.1987); *In re Ferrara,* 103 B.R. 870, 872–73 (Bankr.N.D. Ohio 1989); *In re Harris,* 59 B.R. 545, 549 (Bankr.W.D.Va.1986); *In re Carlton,* 19 B.R. 73, 74–75 (D.N.M.1982). This Court adopts the majority approach in interpreting section 523(a)(7) as the better reasoned analysis because it more correctly reflects Congressional intent.

### IV. CONCLUSION

In view of the foregoing, this Court concludes that the Oldfields' entire IRS tax debt, including any deficiencies, penalties, and interest, is non-dischargeable in bankruptcy. Thus, the tax debt was not discharged in the debtors' Chapter 7 case.

Accordingly it is hereby

ORDERED that Plaintiffs' Complaint to declare their income tax liabilities for tax years 1980, 1981 and 1983 dischargeable pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(7)(A)(ii) is denied, and the debt is not discharged.

IT IS SO ORDERED.