**UNITED STATES of America, Appellant,**

**v.**

**Andrew L. & Melinda CLARK, Appellees.**

**No. LR–C–92–113.**

United States District Court, E.D. Arkansas, W.D.

June 22, 1992.

John D. Russell, Dept. of Justice, Tax Div., Washington, D.C., for U.S.

Andrew L. Clark, Clark & Byarlay, pro se.

### MEMORANDUM AND ORDER

SUSAN WEBBER WRIGHT, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Eastern District of Arkansas disallowing a claim by the Internal Revenue Service (IRS) for penalties and interest on Andrew and Melinda Clark's (the debtors) 1984 taxes. This Court affirms.

Following the debtors' filing of their petition under Chapter 13 of the Bankruptcy Code, the IRS submitted a proof of claim for unpaid taxes, interest, and penalties for several tax years, including 1984. The debtors objected to the government's proof of claim concerning the 1984 taxes, arguing that the statute of limitations had run on the assessment and collection of those taxes.

The bankruptcy court held a hearing on the objection and issued a memorandum opinion and order on December 17, 1991. At issue was whether the debtors had filed their 1984 income tax return in May 1985 or April 1990. The debtors failed to offer any proof of postmark which would give them the benefit of a presumption of delivery under 26 U.S.C. § 7052 and *Estate of Wood v. Commissioner*, 909 F.2d 1155, 1161–62 (8th Cir.1990). Noting that "mere evidence [of mailing] is insufficient," the bankruptcy court concluded that the 1984 return was filed in April 1990. Consequently, the court held that the taxes were nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

Turning to the penalties and interest attributed to the nonpayment of the 1984 taxes, the bankruptcy court held that they were "dischargeable" and disallowed the claim. Testimony at the hearing indicated that the IRS normally mails a notice of deficiency within a year after a return is due to those who fail to file tax returns. The exception to this rule is when the taxpayer is under criminal investigation. In Mr. Clark's case, the IRS decided not to mail the notice because Mr. Clark was under a criminal investigation in May 1986. The IRS terminated the investigation in 1989 after deciding that prosecution was not warranted.

In passing upon what claims should be allowed or disallowed, the bankruptcy court sits as a court of equity and, as such, is empowered "to sift the circumstances surrounding the claim to see that injustice or unfairness is not done in administration of the bankrupt estate." *Pepper v. Litton*, 308 U.S. 295, 308, 60 S.Ct. 238, 246, 84 L.Ed. 281 (1939). *See* 11 U.S.C. § 105(a); *In re NWFX, Inc.*, 864 F.2d 588, 590 (8th Cir.1988) (overriding consideration in bankruptcy is that equitable principles govern and must be directed toward the care and preservation of the estate). The

court here found no evidence of bad faith on Mr. Clark's part to avoid any deficiency in the payment of his 1984 taxes. Exercising its broad equitable powers, the court concluded that "it would be inherently unfair for the IRS to assess interest and penalties when the IRS decided not to put the debtor on notice of the deficiency due to a criminal investigation, and then subsequently dismissed the criminal investigation for lack of prosecution." Slip. op. at 10.

This appears to be a matter of first impression; the parties have not cited, nor is this court aware of, any precedent favoring or opposing the bankruptcy court's decision. It does not appear that principles of equity have been invoked in a freewheeling fashion, *see In re Tucson Yellow Cab Co., Inc.*, 789 F.2d 701, 704 (9th Cir.1986), or that disallowance of the penalties and interest for the reason given ignores the plain language of the Bankruptcy Code or any other applicable statute, *see Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988) (bankruptcy court's equitable powers must and can only be exercised within confines of Bankruptcy Code).[1]

Given this situation, this Court can find no reason to reverse the bankruptcy court's ruling. The bankruptcy court endeavored to be fair to both sides. However, its holding should be limited to the facts of the case.

IT IS SO ORDERED.

---

1. While a majority of courts have ruled, as the bankruptcy court acknowledged, that interest and penalties also are nondischargeable if the underlying tax itself is nondischargeable, *see, e.g., In re Oldfield*, 121 B.R. 249, 253 (Bankr. E.D.Ark.1990), *In re Ferrara*, 103 B.R. 870, 871–73 (Bankr.N.D.Ohio 1989), at least one court has held that nondischargeability of penalties and interest is not necessarily related to nondischargeability of the underlying tax, *see In re Roberts*, 94 B.R. 707, 709 (Bankr. N.D.Okla.1989).