**In re John BAIR, Jr., Debtor.**

**John Bair, Jr. Plaintiff,**

**v.**

**State of Ohio, Dept. of Taxation, Defendant.**

**No. 01–3053.**

United States Bankruptcy Court, N.D. Ohio.

Aug. 21, 2003.

James H. Hart, Perrysburg, OH, for plaintiff.

Jane L. Lackey, Holland, OH, for defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

The instant adversary proceeding was brought by the Debtor to determine the dischargeability of certain tax debts owed to the Defendant, the State of Ohio, Department of Taxation. Just prior to conducting a Trial on this matter, it was agreed that no factual issues were in dispute, and thus the Parties submitted the matter to the Court for resolution based solely upon those arguments contained in their respective supporting briefs. After reviewing these briefs, it is the Court's understanding that only one issue is in dispute: whether those penalties levied against the Debtor for failing to file sales tax returns are dischargeable? The relevant facts giving rise to this issue may be summarized as follows.

The Debtor failed to file numerous state sales tax returns during the years 1987, 1988, 1989, and 1992. As a result, the Defendant, the State of Ohio Department of Taxation, estimated the Debtor's sales tax liability, thereafter making an assessment for the unpaid taxes. On January 30, 2001, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, on June 16, 2002, the Debtor filed the appropriate sales tax returns for the years previously assessed.

As it concerns these facts, it is the Defendant's position that the Debtor's late filing of his sales tax return—i.e., on June 16, 2002—caused any penalties due thereunder to be excepted from the scope of a bankruptcy discharge. (Doc. 28, pg. 2). As a statutory basis for this assertion, the Defendant cited to § 523(a)(1)(B)(ii) which excludes from discharge any tax debt related to a return that was filed within two years of the debtor's bankruptcy petition. In opposition, it is the Debtor's position that since he was merely filing the returns to correct erroneous amounts assessed by the Defendant, he should not be penalized for such acts. (Doc. 27, pg. 1).

### DISCUSSION

For dischargeability purposes, tax penalties are treated separately from the underlying tax obligation. *See, e.g., United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)*, 219 B.R. 741, 751

(6th Cir. BAP 1998) (holding that "taxes" and "penalties" relating to a tax have separate identities and differing treatments throughout the Bankruptcy Code). Specifically, two separate provisions govern the dischargeability of tax penalties: § 523(a)(7); and § 507(a)(8)(G), which, as a priority debt, is accorded with the status of a nondischargeable debt pursuant to § 523(a)(1)(A). Thus, instead of looking to § 523(a)(1)(B)(ii) to determine the dischargeability of those tax penalties imposed against the Debtor—as the Defendant argues—the Court will, beginning with § 507(a)(8)(G), address the applicability of both of the statutory grounds by which a tax penalty may be found to be nondischargeable in bankruptcy.

Section 507(a)(8)(G) states that a tax penalty is not dischargeable if it is "related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss." Thus, under this section, a tax penalty will not be discharged if two conditions are met: (1) the underlying tax obligation is also afforded priority status under § 507(a)(8); and (2) the penalty, as opposed to being punitive in nature, was made in compensation for an actual pecuniary loss.

■■■ As it pertains to these requirements, and in particular the latter requirement, there is simply no indication that those penalties imposed against the Debtor were meant to compensate the Defendant for an actual pecuniary loss. In this respect, it is the general rule that the purpose of tax penalties is "to punish those who fail to abide by the taxing structure, and to deter those who might be inclined to avoid tax payment." *In re Manchester Lakes Assoc.*, 117 B.R. 221, 224 (Bankr. E.D.Va.1990). Consequently, most tax penalties, being punitive in nature, are not meant to compensate a taxing authority for an actual pecuniary loss. *Bates v.*

*United States (In re Bates)*, 974 F.2d 1234, 1237 (10th Cir.1992). Consequently, even if the underlying tax imposed against the Debtor is, in accordance with the first requirement of 507(a)(8)(G), a priority obligation, it is not subject to the exception to discharge set forth in § 507(a)(8)(G).

■■■ The second basis upon which a tax penalty may be excepted from discharge is set forth in § 523(a)(7), and provides, in relevant part:

(a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt–

(7) to the extent such debt is for a . . . penalty, . . . payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty–

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition[.]

In summary then, a tax penalty, notwithstanding its status under § 507(a)(8)(G), may be discharged as long as it is not punitive in nature and it is shown that, pursuant to paragraph (A), the penalty is related to an underlying tax debt that is dischargeable or, under paragraph (B), the penalty relates to a transaction or event that occurred more than three years before the date of the filing of the bankruptcy petition.

As applied to this case, and in conformance with the introductory portion § 523(a)(7), it has already been set forth that the tax penalties levied against the Debtor were punitive in nature. On the other hand, and contrary to the requirement of paragraph (B) of § 523(a)(7), there is no dispute that the tax penalties at issue

were imposed on tax obligations that arose more than three years prior to the filing of the Debtor's bankruptcy petition. Consequently, in giving effect to the disjunctive structure of paragraphs (A) and (B) of § 523(a)(7), a plain reading of the statute clearly affords the Debtor a discharge of those tax penalties imposed against him.

■ Nevertheless, some courts, relying primarily on the legislative history of the statute, have held that § 523(a)(7) is not to be read in the disjunctive, but rather in the conjunctive; that is, the conditions in paragraph (A)—which looks to the dischargeability of the underlying tax—as well as the requirement of paragraph (B) of § 523(a)(7) must both be met for a tax penalty to be dischargeable. *See, e.g., Cassidy v. C.I.R.*, 814 F.2d 477 (7th Cir. 1987). For purposes of this case, to adopt such an approach would undoubtedly render the Debtor's tax penalties nondischargeable given that, in violation of paragraph (A), the Debtor's underlying tax debts are undoubtedly nondischargeable. For example, the Debtor's failure to pay Ohio sales tax, which results in a priority trust fund tax under § 507(a)(8)(C), necessitates that such debt be excepted from discharge under §§ 523(a)(1)(A) and 507(a)(8)(C). *See DeChiaro v. New York State Tax Commission*, 760 F.2d 432, 435 (2nd Cir.1985). In addition, under § 523(a)(1)(B), a tax debt will not be discharged in bankruptcy if the taxpayer fails, as is the situation here, to file a tax return when there is a legal obligation to do so. For this purpose, a tax return prepared and filed by the taxing authority, without any help from the taxpayer, does not qualify as a return. *U.S.A. v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029 (6th Cir.1999); *Villalon v. United States (In re Villalon)*, 253 B.R. 837, 840 (Bankr. N.D.Ohio 2000).

In *Ferrara v. Dept. of Treasury*, 103 B.R. 870 (Bankr.N.D.Ohio 1989), this Court suggested that such an approach may be appropriate, noting that, "[i]t appears instead that § 523(a)(7)(B) was intended to apply to penalties which are not computed by reference to a tax liability, while § 523(a)(7)(A) is for penalties relating to a tax." *Id.* at 873. Nevertheless, this was merely dicta because the tax penalties at issue in *Ferrara* were less than three years old, and thus not subject to discharge under either paragraph (A) or (B) of § 523(a)(7). Furthermore, since the time of this decision the Supreme Court of the United States has repeatedly reinforced that, in the absence of ambiguity, a court should not try to infer an intent from a statute that is clearly contrary to its language. *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); *Toibb v. Radloff*, 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991); *Pa. Dept. of Pub. Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Thus, despite any wording to the contrary in *Ferrara*, the Court believes that the use of the word "or" between paragraphs (A) and (B) of § 523(a)(7) means exactly that: A debtor may receive a discharge of any tax penalty as long as the conditions in *either* paragraph (A) or (B) of § 523(a)(7) have been met.

In coming to this decision, the Court adopts the reasoning of the Tenth Circuit's decision in *Roberts v. United States*, where, in confronting this exact issue, the Court stated:

The government urges first that the two subsections, 11 U.S.C. 523(a)(7)(A) and (B), must be read in the conjunctive rather than the disjunctive. It suggests

that the drafters' use of the disjunctive 'or' in the statutory language is an anomaly and so insignificant that it should be ignored in favor of the legislative history. However, the legislative history, whatever its weight, does not support the government's first position. If the two subsections were read in the conjunctive, a tax penalty, to be dischargeable would have to be both: (1) computed by reference to a dischargeable tax, and (2) related to a taxable year or other taxable event occurring more than three years prior to the bankruptcy petition. Under the government's proposed conjunctive interpretation, penalties assessed on dischargeable tax liabilities arising less than three years before bankruptcy could not be discharged. Such an approach is inconsistent with the viewpoint voiced by the legislation's managers as well as the express language of the statute.

906 F.2d 1440, 1442–43 (10th Cir.1990).

Further in addressing the assertion of ambiguity in the statute, the Court in *Roberts v. United States*, went on to explain:

> First, the language of subsection (A) and subsection (B) is neither ambiguous nor difficult to understand. Subsection (A) provides that a tax penalty is dischargeable if it is related to a nondischargeable tax liability. Subsection (B) creates an arbitrary cutoff of three years, after which all uncollected tax penalties may be discharged in bankruptcy. Although this time limit is an innovation on pre-Code law, it is nevertheless clear and understandable. The only confusion created is the result of the government's insistence that such a blanket discharge after three years is not what Congress intended. That the statutory enactment differs from widely held expectations does not necessarily demonstrate ambiguity in its language.

*Id.* at 1443 (internal citation omitted).

Therefore, in this case, since the penalties at issue stem from transactions that occurred more than three years prior to the time the Debtor filed his bankruptcy petition, such penalties are dischargeable pursuant to 11 U.S.C. § 523(a)(7)(B). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that any penalties imposed by the Defendant, the State of Ohio, Department of Taxation, as the result of the Debtor's failure to file sales tax returns in the years 1987, 1988, 1989, and 1992, be, and are hereby, determined to be DISCHARGEABLE DEBTS.