**In re RANDAZZO, INC., Debtor.**

**D.M. LYNN, Trustee, Plaintiff,**

**v.**

**DIRECTOR OF INTERNAL REVENUE SERVICE OF the UNITED STATES OF AMERICA, Defendant.**

**Bankruptcy No. BK 3–77–497 M.**

United States Bankruptcy Court, Texas, Dallas Division.

Oct. 28, 1983.

D.M. Lynn, Dallas, Tex., Trustee.

Peter A. Franklyn, Dallas, Tex., for trustee.

Edward L. Rothberg, Dallas, Tex., for IRS (Dept. of Justice).

## MEMORANDUM OPINION

ROBERT C. McGUIRE, Bankruptcy Judge.

Randazzo, Inc. filed this voluntary Chapter VII petition in October, 1977. D.M. Lynn, Trustee in bankruptcy for Randazzo, Inc., ("Trustee"), plaintiff, moves for summary judgment, asserting that the Internal Revenue Service's ("IRS") pre-petition collection of tax penalties in the amount of $1,129.11 from Debtor is avoidable as a fraudulent transfer under § 67d(2) of the Bankruptcy Act of 1898, as amended, ("Act"), and seeks recovery of the amounts paid to the IRS. The IRS's Motion for Summary Judgment asserts that its pre-petition collection of tax penalties from Debtor is not avoidable, and hence, the amounts paid to the IRS cannot be recovered by Trustee. The Motion of the IRS will be granted, and that of Trustee will be denied.

The record reflects that, prior to its filing on October 13, 1977, Debtor was engaged in the manufacture of clothing. The affidavit of Emmet J. Schayot reflects that, prior to Debtor's petition, he was employed by the IRS as a Revenue Officer Advisor on the Special Procedures Staff in Dallas, Texas; that he was personally familiar with the assessment and collection of taxes and penalties from Debtor; that Debtor's tax returns of the last quarter of 1976 and the first two quarters of 1977 reflected its failure to deposit and pay certain employee withholding taxes; that a computer was used to calculate and assess the tax penalties due from Debtor; and that Debtor voluntarily paid the penalties after demand was made by the IRS. The pleadings of the parties establish that Debtor paid $1,129.11 in tax penalties approximately four months prior to the filing of its bankruptcy petition. Trustee brought this action to recover the $1,129.11 in April, 1980, alleging that the pre-petition payment was either a preference, or a fraudulent transfer, and therefore, recoverable under the Act. By the parties' stipulation agreement of November

1, 1980, approved by this Court and entered on the docket November 14, 1980, Trustee limits his cause of action to the recovery of a fraudulent transfer under § 67d(2) of the Act, and abandons his allegation that the transfer constituted a preference. Trustee and the IRS admit that Debtor had creditors of the classes necessary to support a cause of action by Trustee under § 67d(2); and that, at the time of the transfer, Debtor was "insolvent", and Debtor and the IRS acted in "good faith" as those terms are used and defined in § 67d.

Trustee asserts that Debtor did not receive fair consideration from the IRS in exchange for the $1,129.11 payment. Section 67d(2)(a) of the Act requires, as an element of a fraudulent transfer, that a transfer be made without "fair consideration". Subsection (1)(e) defines "fair consideration" as being the "fair equivalent" of the thing given by Debtor. (11 U.S.C. 107(d)) (as amended). See *Durrett v. Washington National Ins. Co.,* 621 F.2d 201 (5th Cir.1980). Trustee argues that Debtor did not receive "fair equivalent" value for its payment to the IRS because the IRS's claim for tax penalties would have been disallowed by § 57j of the Act had such remained unpaid at the time Debtor filed its petition, and hence, would have been valueless at that time. I do not agree.

■ The critical time for determining the fairness of the consideration under § 67d(1)(e) of the Act is at the time the transfer is made. Neither subsequent depreciation nor appreciation in the value of the consideration given affects the question of its original fairness. *Hofler v. Marion Lumber Co.,* 233 F.Supp. 540, 542 (E.D.S.C. 1964) (citing 4 Collier on Bankruptcy (14 Ed., 1962) p. 351). See *Klein v. Tabatchnick,* 610 F.2d 1043, 1047 (2nd Cir.1979) (fairness of consideration to be determined at the time of the transfer because of extreme fluctuations in value of the volatile securities given to Debtor); *In Re Dibble Enterprises, Inc.,* C.C.H. Bankruptcy Law Reporter, ¶ 65,418 (W.D.Mich.1974). Section 67d(1)(e) specifies that the satisfaction of an antecedent debt constitutes "fair equivalent" value. Valued at the time of the transfer, the IRS's forgiving Debtor's indebtedness in exchange for the receipt of $1,129.11 is found to be fair equivalent value.

■ Trustee also asserts that the authority of *Simonson v. Granquist,* 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962), requires the IRS to return the penalties collected from Debtor. In *Simonson,* the United States Supreme Court held that § 57j of the Act applied equally to prohibit the collection of secured and unsecured governmental penalty claims, stating that the "*enforcement* of penalties against the estate of bankrupts ... serve[s] not to punish delinquent taxpayers, but rather [punishes] their entirely innocent creditors". (Emphasis added). 369 U.S. at 41, 82 S.Ct. at 539. However, the IRS does not seek the *enforcement* of any penalty here, because the penalty has already been paid. Section 57j merely directs that once funds become part of the bankruptcy estate, they may not be used to pay tax penalties. *State Board of Equalization v. Stodd,* 500 F.2d 1208, 1210 (9th Cir.1974). I hold that the authority of *Simonson* is inapplicable to the facts at hand, and consequently, the IRS's Motion for Summary Judgment will be granted, and the Motion of Trustee denied.