**In re Jimmy Logan HUMBLE, Debtor.**

**Larry E. Staats, Trustee, Appellee,**

**v.**

**Butterworth Properties, Inc., Appellant.**

**No. 00–3572.**

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN *, District Judge.

ALICE M. BATCHELDER, Circuit Judge.

Despite a rather complicated procedural background, this appeal presents a relatively straightforward question concerning the value of a parcel of real property on the date of a fraudulent transfer under 11 U.S.C. § 548. Having fallen behind on his mortgage and tax payments, Jimmy Logan Humble transferred a parcel of residential real estate (the "property"), which he had purchased in 1980 for $47,000, to Butterworth Properties, Inc. ("Butterworth") in 1994 to avoid foreclosure. Including closing costs, Butterworth paid $23,193 for the property. As part of this transaction, Humble entered into a lease agreement, the terms of which obligated Humble to make monthly rental payments to Butter-

worth for a term of one year to continue residing at the property. For consideration of $1.00, the lease also gave Humble an option to repurchase the property. Humble's right to exercise this option was conditioned on the lease's not being in default. Humble never made a rent payment, and eventually Butterworth evicted Humble and sold the property to a third party for $53,500.

Within one year of transferring the property to Butterworth, Humble filed a voluntary petition for bankruptcy under Chapter 7. Larry E. Staats commenced an adversary proceeding as the trustee of the estate in bankruptcy to avoid the transfer of the property to Butterworth as fraudulent under 11 U.S.C. § 548. After granting summary judgment to the trustee on the ground that the transfer was constructively fraudulent under section 548(a)(2), the bankruptcy court undertook an effort to value the property at the time of the transfer. Twice the bankruptcy court attempted to affix a value by weighing the available evidence. Twice the district court held that the bankruptcy court's methodology constituted clear error. In its third valuation of the property, the bankruptcy court found that the option had no value and concluded that the transaction between Humble and Butterworth was a total sham since the lease was in default from its inception because of Humble's limited means to pay the rent and the condition of the property. Further, the bankruptcy court found that the option could not be transferred for value to a third party because the lease was in default. Accordingly, the court entered judgment in favor of the trustee in the amount of $21,759, based on the property's market value of $53,270 less the value of

---

* The Honorable William O. Bertelsman, United States District Court for the Eastern District of Kentucky, sitting by designation.

the consideration given by Butterworth. On appeal the district court affirmed.

 "[I]n appeals from the decision of a district court on appeal from the bankruptcy court, the court of appeals independently reviews the bankruptcy court's decision, applying the clearly erroneous standard to findings of fact and de novo review to conclusions of law." *In re Madaj,* 149 F.3d 467, 468 (6th Cir.1998) (internal quotations and citations omitted). "[V]aluation is a question of fact, and can be overturned on appeal only if clearly erroneous." *Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 219 (4th Cir.1994) (citation omitted). Having thoroughly reviewed the record and carefully considered Butterworth's assignments of error, we find no clear error in the bankruptcy court's valuation of the option or the property on the date of the fraudulent transfer to Butterworth. Courts have rejected fixed mathematical formulae to determine whether an exchange of "reasonably equivalent values" has occurred for purposes of section 548 in favor of analysis based upon the facts and circumstances of each particular case. *Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors of R.M.L., Inc. (In re R.M.L., Inc.),* 92 F.3d 139, 148–49 (3d Cir.1996); *Cooper v. Ashley Communications, Inc. (In re Morris Communications NC, Inc.),* 914 F.2d 458, 466–67 (4th Cir.1990); *Bundles v. Baker (In re Bundles),* 856 F.2d 815, 823–24 (7th Cir.1988), *abrogated on other grounds by BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994); *Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d 979, 994 (2d Cir.1981). We think that the bankruptcy court properly considered all available evidence bearing on the valuation of the option and the property. Therefore, finding no clear error in the bankruptcy court's finding that the lease lacked

any value since it was in default from its inception, we affirm its judgment fixing the value of the property and the amount of the trustee's recovery on behalf of the estate in bankruptcy.