**In re DIAMOND DISMANTLING, INC., Debtor.**

**Michael A. Stevenson, Trustee of the Chapter 7 Bankruptcy Estate of Diamond Dismantling, Inc., Plaintiff,**

v.

**Internal Revenue Service, Defendant.**

**Bankruptcy No. 00–48991.**
**Adversary No. 02–4815.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 21, 2003.

Karen A. Smith, U.S. Department of Justice, Tax Division, Washington, D.C., for Defendant.

Robert K. Siegel, Troy, MI, for Plaintiff.

## ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, the trustee seeks to avoid four allegedly preferential payments paid to the Internal Revenue Service during the preference period. The four payments are for $368,938.31; $2,641.00; $216.00; and $17,636.22.

Defendant, Internal Revenue Service ("IRS"), filed a motion for summary judgment, and that motion came on for hearing on May 15, 2003. By the time of the hearing, the $2,641.00 payment, and the $216.00 payment, were no longer in issue. At the hearing, the court granted defendant's motion with respect to the $17,636.22 payment, finding that there was no genuine issue of material fact presented by the submissions of the parties, and the evidence submitted by defendant established that the requirement of the ordinary course defense, § 547(c)(2), were satisfied. After argument, the court reserved decision as to the $368,938.31 payment.

Upon reviewing the briefs submitted by the parties, together with evidentiary material attached thereto, and after hearing the arguments of counsel, it is clear that the dispute between the parties is whether the $368,938.31 payment in part should have been allocated to non-trust fund obligations of the debtor. This question in turn depends upon a central dispute: whether payments totaling $111,049.76 paid by debtor to defendant prior to the preference period, were properly allocated by IRS. It is the position of defendant on this motion that the $111,049.76 "funds were applied first to fully pay the non-trust fund taxes and the remainder was applied to trust fund taxes." To support this position, defendant submits the Declaration of James D. Little, a revenue offi-

cer. In his Declaration, Revenue Officer Little says:

> When the tax deposits of $111,049.76 were received by the IRS, they were not designated. The transcripts of the IRS show that these funds were applied to fully pay the non-trust fund taxes, and the remainder was applied to trust fund taxes.

In opposition to this position, plaintiff points out that the $111,049.26 was a total of four separate pre-preference period payments made by the debtor. Key to plaintiff's position is the following:

> Using a plausible assumption that the relative percentages and Non–Trust Fund Taxes and Trust Fund Taxes for each periodic portion of the 1999 Tax Liability mirrored the relative percentages thereof for the entire 1999 Tax Liability, 21.8% of each deposit should have been applied to pay Non–Trust Fund Taxes, and 78.2% should have been applied to pay Trust Fund Taxes.

Using this methodology, plaintiff asserts that at the end of 1999, $80,383.92 non-trust fund taxes were owed by debtor.

■ The standard to be applied in resolving this issue is that the IRS apply payments it receives "in a manner serving its best interests." *Kinnie v. United States*, 994 F.2d 279, 286 (6th Cir.1993), the court citing Rev. Rul. 79–284. The Little Declaration establishes that as a matter of fact, when IRS received the $111,049.76 it applied that fund "to fully pay the non-Trust Fund Taxes and the remainder was applied to Trust Fund Taxes." When IRS applied the funds as it did, it is implicit that it considered that allocation to be in its best interest. Nothing in the arguments of plaintiff shows, nor can he show, that that allocation was not in the best interests of IRS.

■ This holding largely renders pointless the remaining arguments by plaintiff in opposition to the position of defendant that he is entitled to recover at least part of the $368,938.31 January payment as a preference. This is because for the most part plaintiff's arguments are based on the assumption that there were outstanding non-trust fund obligations of the debtor on January 31, 2002, which we have found not to be the case. We comment only on one further point. Plaintiff argues that the IRS could not properly apply the $368,938.31 payment to trust fund taxes because the debtor did not designate by specific written instructions that that payment be so applied. Defendant does not contest that there were no specific written instructions. The facts are, however, that Revenue Officer Little on January 31, 2002, received from debtor a check in the amount of $368,938.31 and a tax return by debtor in the exact amount of the check. The simultaneity of transfer of these instruments to Little satisfies the nexus required by *Begier v. IRS*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) to establish that the amount received represented funds held in trust for the United States, and the transfer could not be set aside as a preferential one.

In view of the foregoing, defendant's motion for summary judgment is granted in its entirety.

So Ordered.